# EXHIBIT 1

**JAMS ARBITRATION**

**REFERENCE No. 5400000585**

---

**HEKA FUNDS SICAV PLC**

     **Claimants**

**And**

**CIRCLE INTERNET FINANCIAL, LLC ,**

     **Respondents.**

---

**Attorneys for Claimant Heka Funds SICAV PLC**

     **McDermott, Will & Emery**

         **Eli Berman**

         **One Vanderbilt Avenue**

         **New York, NY 10017-3852**

         **Email: eberman@mwe.com**


**Attorneys for Respondent Circle Internet Financial LLC**

     **Jones Day**

         **Mark Rasmussen**

         **Yvonne W. Chan**

         **100 High Street**

         **21st Floor**

         **Boston, MA 02110-1781**

         **Email: mrassmussen@jonesday.com**

           **ychan@jonesday.com**

1

**RULING ON RULE 18 MOTIONS**

In this arbitration, each side has made motions pursuant to JAMS Rule 18. Under the Rule, "the Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue. . . The Request [for Summary Disposition] may be granted only if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case." ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

The Arbitrator grants Respondents' motion based on the claims by Claimant for declaratory relief and unfair trade practices.[1]

---

█ ████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

3















16

17

18

19

███████████████████████████████████████████

███████████████████████████████████████

███████████████████

**Claimants' Claim for Declaratory Relief.**

Regarding the issue of declaratory relief Claimant seeks, the Arbitrator notes there is no obligation for Respondents to enter into a new contract with Claimants after the MSA has expired.  There appears no legal authority obligating them to do so.  ███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████

The Arbitrator therefore sustains the Respondent's Rule 18 motion dealing with Claimant's assertion of Declaratory Relief.

**Claimants' Cause of Action pursuant to the Deceptive Trade Practices.**

The claim of Claimants for relief under the Delaware Deceptive Trade Practices Act is defective because Claimant is clearly a customer of Respondent in this contract.

The Arbitrator therefore sustains Respondents Rule 18 motion dealing with Claimant's Delaware Deceptive Trade Practices claim.

21

███████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

DATE: April 14, 2025



Hon. Robert L. Dondero (Ret.) Arbitrator