# EXHIBIT 3



Eli Berman
Eberman@mcdermottlaw.com
+1 212 547 5854

June 9, 2026

**VIA E-MAIL**

Alex H. Loomis, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, Massachusetts 02199-7626
alexloomis@quinnemanuel.com

   Re: *Heka Funds SICAV PLC v. Circle Internet Financial, LLC* (JAMS Reference No. 5400000585)

Counsel:

We write on behalf of Heka Funds SICAV PLC ("Heka") in response to your June 1, 2026 letter regarding the intention of Circle Internet Financial LLC ("Circle") to seek confirmation of both the Final Award and the Rule 18 decision from the above-captioned arbitration. We are compelled to correct three inaccuracies in your letter that your client improperly claims justifies its intention to publicly file and seek confirmation of a satisfied award, in a further effort to avoid the moot litigation your client apparently intends to file.

First, your claim that Heka has somehow failed to meet and confer with you in good faith is false. In its May 29, 2026 letter, Heka stated in no uncertain terms that "the entire award and any other documents from the arbitration must be filed under seal" given that your client is threatening to file a confidential award and confidential Rule 18 decision for a matter in which there is no live dispute.

In response to our letter, you asked for case law supporting our contention that the award must be filed under seal. Your request misses the point: parties do not seek to confirm awards that have been satisfied. That is what happened in *Stafford v. Int'l Bus. Machs. Corp,* 78 F.4th 62, 69-71 (2d Cir. 2023), in which the court found the type of conduct that Circle is presently threatening to be improper. Although that case is from the Second Circuit, should Circle follow through on its threat, we expect that the United States District Court for the District of Massachusetts will reach the same view, given its prior decisions regarding confirmation of arbitration awards and sealing improperly filed documents. *See also Derwin v. General Dynamics Corp.*, 719 F.2d 484, 491–92 (1st Cir. 1983) (holding that confirmation of a labor

**McDermott Will & Schulte**  One Vanderbilt Avenue New York NY 10017-3852 Tel +1 212 547 5400 Fax +1 212 547 5444

*US practice conducted through McDermott Will & Schulte LLP.*

Alex Loomis
June 9, 2026
Page 2

arbitration award requires a "concrete violation or other dispute."); *See also United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 15–16 (1st Cir. 2023) (affirming sealing where protected information was "never properly before the district court" and "the presumptive right of access did not apply"); *Philibotte v. Nisource Corp. Servs. Co.*, 793 F.3d 159, 162 n.2 (1st Cir. 2015) ("[T]he presumptive right of access attaches to those materials which properly come before the court . . . ."); *United States v. Kravetz*, 706 F.3d 47, 54–55 (1st Cir. 2013) (distinguishing judicial records from materials that do not affect substantive rights).

Second, as you surely know, your client's reliance on District of Massachusetts cases for the proposition that it may confirm a fully satisfied award is misplaced. Both of the cases to which you refer (*Weinstein v. Levin-Fricke-Recon*, 1999 WL 397414 (D. Mass. Apr. 29, 1999) and *Bennington Iron Works, Inc. v. J.P. Const. Co.*, 1996 WL 208494 (D. Mass. Mar. 6, 1996)) in an effort to justify your client's threats pre-date *TransUnion LLC v. Ramirez*, the controlling United States Supreme Court precedent regarding Article III standing. In *TransUnion LLC*, decided in 2021, the Supreme Court held that the requisite "concrete" injury to establish standing is "real, and not abstract," and "under Article III, an injury in law is not an injury in fact." 141 S. Ct. 2190, 2203-05 (2021). In contrast, *Stafford v. Int'l Bus. Machs. Corp.* is based on that Supreme Court directive. 78 F.4th at 69 ("Stafford fails to show that holding an unconfirmed arbitration award is itself a concrete injury that 'has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'") (citing *TransUnion LLC*, 141 S. Ct. at 2204-05). That is why we repeatedly bring that case to your attention. Accordingly, *Stafford* is the most persuasive appellate authority on the question presented by this case.[1]

Moreover, *Weinstein* and *Bennington* are easily distinguishable from the facts here. *Weinstein* involved a concrete, pending dispute in which preclusion was at issue. Namely, there was active litigation pending in New Jersey "against [a] guarantor" of the same contractual relationship at issue in the arbitration, and as such, one party sought to confirm the arbitration award in order to use it to assert res judicata in the pending litigation with another party in privity. *Weinstein*, 1999 WL 397414, at \*3.[2] The court therefore expressly found that the "quarrelsome dispute lives on" and that the request was not a "'paper' confirmation." *Id*. at \*4. No dispute lives on here.

---

[1]      Your invocation of the New York Convention and 9 U.S.C. § 203 does not change that result. Section 203 supplies a statutory jurisdictional basis for Convention proceedings, and Section 207 of the same title authorizes confirmation applications in courts having Chapter 2 jurisdiction. But neither provision eliminates Article III's independent requirement that there must be concrete injury for standing. *See* 9 U.S.C. §§ 203, 207; *TransUnion*, 141 S. Ct. at 2205; *Stafford*, 78 F.4th at 68–69.

[2]      Preclusion generally operates only between the same parties or their privies, and a guarantor to the same contractual arrangement presents the kind of concrete privity-based setting in which preclusion may plausibly matter. *See Jarosz v. Palmer*, 436 Mass. 526, 530 & n.3 (2002) ("Claim preclusion makes a valid, final judgment conclusive on the parties and their privies . . . Issue preclusion prevents the relitigation of an issue determined in an earlier action when that issue subsequently arises in another action based on a different claim between the same parties or their privies.") (quotations and citations omitted).

**McDermott Will & Schulte**

Alex Loomis
June 9, 2026
Page 3

Similarly, in *Bennington*, the motion to confirm an arbitration award related to a pending construction bond action in which the court still had to adjudicate a statutory attorneys' fee request; after confirming the award, the court separately addressed the surety's discharge and the remaining fee dispute. *Bennington Iron Works, Inc. v. J.P. Const. Co.*, 1996 WL 208494, at *1-*2 (D. Mass. Mar. 6, 1996). Again, there is no active dispute here. Thus, the decisions you attempt to rely on are inapposite.[3] Meanwhile, you entirely disregard First Circuit law on point. *See Derwin v. General Dynamics Corp.*, 719 F.2d 484, 491–92 (1st Cir. 1983), which held that confirmation of a labor arbitration award "in a factual vacuum" without alleging any violation is improper and requires a "concrete violation or other dispute."

Third, your client's contention that there is still some active dispute here that requires confirmation is false. There is none. Heka's request for declaratory relief concerned a discrete issue: Heka's right to continue trading on the Circle platform during the MSA's first renewal term in 2023 and 2024. That issue, too, is now laid to rest.

Moreover, your client's argument that Heka's attempt, a year ago, to open an account with a separate entity, Circle Internet Financial Europe SAS ("Circle France"), somehow justifies confirmation is also misplaced. Heka has no interest in opening an account or doing any business with any Circle entity, but in any event, Circle can determine whether or not to open an account without confirmation. The suggestion that Circle needs confirmation of the award to somehow preclude Heka from opening an account with Circle France, a distinct Circle entity, appears to be nothing more than a transparent attempt to justify publication of an award that the parties previously agreed would remain confidential.

Nor has Circle stated what pending or contemplated matters exist where res judicata may be appropriate. Circle's generalized "interest" in possible future assertions of res judicata is precisely the sort of abstract confirmation interest that courts – including courts in the First Circuit – reject. *See Derwin*, 719 F.2d at 491–93; *see also Stafford*, 78 F.4th at 68–69. Regardless, Heka long ago ceased efforts to open a Circle account and, as noted above, does not have any interest in doing business with Circle.

We once again state that your client should not file the Final Award or the Rule 18 decision. The award has been satisfied. There is no live dispute. That Circle wants to publicize documents the parties agreed would remain confidential is not a basis to file confidential documents from the arbitration. That said, we continue to take additional steps to meet and confer with you to avoid unnecessary litigation. That includes attempting to reach compromise on a joint statement concerning the arbitration; a path that

---

[3]    As explained in our previous letter, your reliance on *Teamsters* is likewise misplaced. *Teamsters* involved an award of prospective equitable relief that UPS had repeatedly violated, and the Third Circuit expressly limited its holding to "an award for equitable relief" while declining to opine on whether a party receiving money damages has standing to confirm after those damages are paid in full. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 249-50, 253 & n.3 (3d Cir. 2020).

**McDermott Will & Schulte**

Alex Loomis
June 9, 2026
Page 4

includes a redacted version of the documents, a potential press release, which you said Circle would consider; or some other compromise that does not involve publication of confidential documents rendered in confidential proceedings. Rest assured, however, that should your client continue down the path you have indicated, Heka reserves all of its rights to move for appropriate relief, given that Circle seeks to continue litigation for improper purposes.

Last week, we agreed to meet and confer tomorrow, Wednesday, June 10, 2026, concerning Heka's proposed redactions to the documents Circle has threatened to file. We will send those documents separately. We can be available between 12 pm and 3 pm ET. We also have good availability on Thursday, June 11, if that is better for you. If none of those times work, please let us know what works for you.

Sincerely,

Eli Berman

cc:    Dave Kiefer (dkiefer@mcdermottlaw.com)
       Rajat Rana (rajatrana@quinnemanuel.com)

**McDermott Will & Schulte**