# EXHIBIT 5



**mwe.com**

M. Elias Berman
Partner
eberman@mwe.com
+1 212 547 5854

July 11, 2025

**VIA EMAIL**

Mark Rasmussen
Jones Day LLP
2727 North Hardwood Street, Suite 500
Dallas, Texas 75201

**Re:     Heka's USDC Redemption Demand**

Dear Mr. Rasmussen,

As you know, we represent Heka Funds SICAV PLC ("Heka").  We received your letter dated June 16, 2025, which seeks much of the same information that Heka has already provided and invents requirements that do not appear to be part of Circle Internet Financial Europe SAS's ("Circle Europe") normal KYC/AML protocols.

Despite Circle Europe's continued efforts to block Heka's redemptions, Heka submits the following materials in **Appendix A**.  Notwithstanding the fact that Circle's requests far exceed what is legally required by MiCA or Circle Europe's stated guidelines, Heka has provided herein substantial information in response to Circle Europe's requests.  If Circle Europe agrees in principle to permit Heka to redeem – as it is legally required to do – Heka is willing to provide additional transaction level detail to the extent required by MiCA.

The letter ignores the substantial history that Heka and Circle have together, including during which Heka minted and redeemed billions of dollars of USDC, repeatedly explained its business and the business purpose of its transactions, and met and conferred with Circle's senior leadership.  Indeed, your letter also ignores that a business explanation has accompanied Heka's redemption demands, i.e., that "Heka has identified additional arbitrage opportunities."  Your letter, and your failure to respond to Heka's redemption requests, reflect yet another invented, pretextual obstacle to delay complying with Circle's obligation to redeem USDC.

Heka has already provided the information in response to many requests, including financial statements, bank statements, organizational charts, Malta Certificate of Registration, table of shareholders, operating agreement, fund offering memorandum, Malta Financial Services Authority Authorisation Certificate, AML/CFT policies and procedures, and identification of individuals with significant operational control. Circle should review the information that Heka already put together before simply requesting that it do so again.  By requesting this information again, it is clear that Circle Europe has conjured additional reasons to deny Heka its right to redeem USDC.  What is more, Heka was also forced to delay responding to your letter as it awaited its finalized audited financials (Request 15), which it just received last week.



Your demand for information is also improper because the requests violate MiCA's clear requirement that "[i]ssuers of e-money tokens shall prominently state the conditions for redemption in the crypto-asset white paper[.]"[1] Circle Europe's MiCA USDC White Paper (the "White Paper") fails to provide USDC redemption conditions but instead refers holders of USDC to a MiCA Redemption Policy (the "Redemption Policy").[2] Per the Redemption Policy, "[t]o redeem their Circle Coins, Circle Coins Holders, other than Retail Holders, shall open a Circle Mint Account to access redemption only service . . . [and] shall meet the criteria to open a Circle Mint Account to Redeem their Circle Coins, including but not limited to the previous KYC and KYT as further specified in this policy."[3] The further specified requirements are that prior to redemption, non-Retail Holders (i.e., entities acting for purposes within their trade, business, craft or profession) and their owners and controllers are subject to identity checks, transaction monitoring, verification related to asset freezing measures, and sanctions and prohibited jurisdictions review.[4] Heka has already provided this information to Circle when Heka requested its Circle Mint Account. Further, any allegation that Heka has violated any KYC or KYT policy is pure invention by Circle Europe.

Each time Circle Europe does not honor Heka's redemption demands constitutes a separate violation of MiCA. To date, Circle Europe has violated MiCA seventeen times. Contrived and elongated requests for information do not trump Circle Europe's regulatory obligations. Comply or we're filing.

Sincerely,

M. Elias Berman

cc: Joesph Evans (jbevans@mwe.com)
    Nishi Gupta (ngupta@mwe.com)

---

[1] *See MiCA* Article 49(5).
[2] *See* Circle Internet Financial Europe SAS USDC White Paper; *see also* MiCA Redemption Policy.
[3] *Id.* at Section 2.1.
[4] *Id.* at Sections 3, 5.