# EXHIBIT 6



Eli Berman
Eberman@mcdermottlaw.com
+1 212 547 5854

May 29, 2026

**VIA E-MAIL**

Rajat Rana
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
rajatrana@quinnemanuel.com

>       Re:    *Heka Funds SICAV PLC v. Circle Internet Financial, LLC* (JAMS Reference No. 5400000585)

Mr. Rana:

We write on behalf of Heka Funds SICAV PLC ("Heka") in response to your May 26, 2026 email regarding Circle Internet Financial LLC's ("Circle") intention to confirm both the Final Award and the Rule 18 decision from the above-captioned arbitration.  Circle does not have standing to confirm any decision from the arbitration, thus any such petition would serve no legitimate purpose.  Circle is clearly and improperly attempting to circumvent the parties' confidentiality obligations by confirming an arbitration award through a public forum for the sole purpose of harassing Heka, which is sanctionable.

As discussed at length with Circle's prior counsel, there is no live case or controversy that would permit Circle to confirm the Final Award.  Section 9 of the Federal Arbitration Act ("FAA") (regarding confirmation of arbitral awards) does not confer Article III standing.  *See Stafford v. Int'l Bus. Mach. Corp.*, 78 F.4th 62, 66 (2d Cir. 2023) ("The FAA's process for confirming an arbitration award still requires Article III injury, and § 9 of the FAA does not itself confer standing.").  And a petition to confirm a purely monetary arbitration award is moot once that award is paid in full because a party seeking confirmation has no concrete interest in confirming or enforcing an award that has been satisfied.  *Id*. at 68-69.[1]  Here, the Arbitrator made an award and stated that such award "resolves all issues submitted

---

[1] Circle's predecessor counsel initially relied on *Teamsters Local 177 v. United Parcel Service* for the proposition that it may confirm an award that has been satisfied.  966 F.3d 245 (3d Cir. 2020).  That reliance was and remains misplaced.  The *Teamsters* holding was explicitly limited to an award for "equitable relief," and the Third Circuit declined to decide whether a party receiving a monetary award has standing to confirm after the award is paid in

**McDermott Will & Schulte**    One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Schulte LLP.*

Rajat Rana
May 29, 2026
Page 2

for decision in this proceeding." Final Award at 54. On April 23, 2026, Heka wired the full amount to Circle Internet Financial, LLC, with the payment message "Settlement Final Award Arbitration Heka Funds SICAV plc v Circle Internet Financial." Circle confirmed receipt of that payment. Accordingly, the Final Award has been satisfied, and any petition to confirm it is moot.

Now, for the first time, Circle has stated that it also intends to confirm the Rule 18 decision. But there is nothing to enforce arising out of that decision. While the Final Award describes the Rule 18 ruling, insofar as it rejected Heka's declaratory relief cause of action, the Final Award – not the Rule 18 decision – finally resolved all issues between the parties. *Id*. at 49, 54.[2] Only the Final Award granted Circle any relief (a monetary award), and again, Heka paid that award. It bears emphasizing that Heka stated several times to Circle's predecessor counsel that it does not intend to challenge the Final Award.

Considering the foregoing, Circle's insistence on confirming the Final Award and Rule 18 decision, and doing so publicly, is a transparent attempt to use confirmation as a vehicle to publicize confidential materials from the above-referenced arbitration. *Stafford* rejected that same tactic, warning parties against misusing the confirmation process to circumvent confidentiality obligations and describing such conduct as an effort "to launder their confidentiality through litigation." *Stafford*, 78 F.4th at 70-71.

Circle's efforts are plainly improper and even more troubling considering the history of the parties' relationship and their conduct during the arbitration. The parties' MSA, drafted by Circle and pursuant to which the arbitration was conducted, states that, among other things, the parties' relationship was so confidential that even "terms of th[e] Agreement shall be considered the Confidential Information of the Parties." MSA §§ 1(s), 10(a). Further, as you surely know, the confidentiality obligations in the MSA expressly survive termination. *Id*., §§ 9(e)(ii), 10(a).

Notwithstanding the MSA's broad confidentiality protections, the parties carefully negotiated an additional Protective Order for the arbitration, which requires, among other things, that "[a]ny Party wishing to file a document designated as Confidential Information or AEO Information in court, including in proceedings before any court to confirm, vacate, or modify an Award, must seek to do so under seal, or otherwise refrain from a public filing unless ordered to do so by the court." Protective Order ¶ 12. Understanding that you may not be fully aware of the procedural history of the above-referenced arbitration, we are attaching as a consolidated Exhibit A certain correspondence stating the positions that

---

full. *Teamsters*, 966 F.3d at 249, 253 & n.3. As discussed herein, subsequent decisions arising under Section 9 of the FAA have confirmed that a party has no standing to confirm a monetary award that has been satisfied.

[2] For the avoidance of doubt, the denial of declaratory relief does not create any live controversy, and accordingly, Circle does not have standing to confirm the Rule 18 decision. *See, e.g., Billie v. Coverall N. Am., Inc.,* No. 23-672-CV, 2024 WL 4380618, at *3 (2d Cir. Oct. 3, 2024) (holding that, with no nonspeculative allegation of future noncompliance and no prospective relief to enforce, the petition to confirm a denial of declaratory relief was moot).

**McDermott Will & Schulte**

Rajat Rana
May 29, 2026
Page 3

each party, and particularly Circle, took regarding confidentiality issues.  Briefly, Circle claimed that the arbitration was so confidential that only the McDermott Will & Schulte LLP attorneys named on the arbitration demand could know anything about it, while others had to be effectively walled off from the dispute; repeatedly insisted *that the entire proceeding*, and any Award the arbitrator issued, would be kept confidential; and that not even Heka's principle could review documents in preparation for the arbitration hearing or see an unredacted version of the Final Award, among other things.  *See, e.g.*, Exhibit A at 1, 4.  Circle's stated intent to confirm and publicize a confidential Final Award and Rule 18 decision stands in stark contrast to the positions it took on confidentiality throughout the entire arbitration.

Regardless, Heka duly designated the Final Award as confidential pursuant to the Protective Order, and the Arbitrator declined to de-designate it at Circle's request.  Ruling on Confidentiality dated April 10, 2026, at 3.  In its ruling on confidentiality, the Arbitrator explained that he has "no room under [JAMS Rule 26(a)] for the Arbitrator to change that status."  *Id*.

Your reliance on *Soligenix Inc. v. Emergent Product Dev't* for the proposition that arbitration awards are not entitled to confidentiality once filed in court is misplaced.  289 A.3d 667, 672 (Del. Ch. 2023).  That case concerns confidentiality determinations made pursuant to Delaware rules of civil procedure, which have no relevance here.  Under the MSA, the courts in Boston, Massachusetts (not Delaware) have jurisdiction over matters arising out of or related to the above-referenced arbitration.  MSA § 17.  That forum selection clause is entitled to "controlling weight."  *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63–67 (2013).  Accordingly, any confirmation proceedings must be filed in Massachusetts—to the extent any court could have jurisdiction over a resolved award.  And it is well settled that a Massachusetts court will apply its own procedural laws and rules even where, as here, a different substantive law applies.  *Oxford Global Res., LLC v. Hernandez*, 480 Mass. 462, 472–75 (2018).

Moreover, even if Delaware law applied, which it does not, *Soligenix* is inapposite.  In that case, the party seeking to vacate the award was also the party seeking to maintain confidentiality.  That distinction is critical—a party who seeks to avail itself of the judicial process may not insist on confidentiality where it is not warranted.  Here, there is no need for any party to avail itself of the judicial process because any request for relief is moot; Circle is clearly attempting to file information from the arbitration for ulterior and improper purposes.

If, despite the foregoing, Circle persists in its baseless efforts to confirm moot decisions from the arbitration, Circle must do so under seal.  The proposed "redactions" Circle sent are woefully inadequate and do not even address the Rule 18 decision that you also apparently intend to confirm.  To the extent that Circle decides to press forward with seeking to confirm an award that has been fully satisfied, with a petition that is moot and for which Circle lacks standing, the entire award and any other documents from the arbitration must be filed under seal.  To the extent you disagree, we expect you to give Heka the

**McDermott Will & Schulte**

Rajat Rana
May 29, 2026
Page 4

opportunity to seek a sealing order before simply filing the document publicly.  If you refuse to do so, we request a conference with the Court before you file the confidential documents that should not be filed in the first instance.

Finally, be advised that if Circle (1) files a frivolous confirmation proceeding to confirm a satisfied award, and/or (2) files either the Final Award or Rule 18 decision publicly and/or with insufficient redactions, as opposed to under seal, or (3) engages in any other conduct designed to publicize an award and a proceeding that is required to remain confidential, Heka will have no choice but to enforce all of its available rights, including its right to seek costs, fees, and sanctions for Circle's improper and bad faith conduct.  We urge you to rethink your planned course of action and abide by the law.

Should you have any questions about the foregoing, please do not hesitate to contact me.

Sincerely,

Eli Berman

cc:     Dave Kiefer (dkiefer@mcdermottlaw.com)
        Alex Loomis (alexloomis@quinnemanuel.com)
        Daniel Albert-Rozenberg (danielar@quinnemanuel.com)

**McDermott Will & Schulte**