# EXHIBIT 8

| | |
|---|---|
| **From:** | Berman, Eli |
| **To:** | Rajat Rana; Kiefer, David |
| **Cc:** | Alex Loomis; Daniel Albert-Rozenberg |
| **Subject:** | RE: Heka v. Circle: JAMS Arbitration Award |
| **Date:** | Monday, June 1, 2026 11:23:59 AM |

**[EXTERNAL EMAIL from eberman@mcdermottlaw.com]**



Hi Rajat,

Thanks for your email.  As we stated in our May 29 letter to you, which I understand you are still reviewing, there is absolutely no basis to confirm the award in the above-referenced arbitration.  It has been satisfied.  We've cited various cases in our letter to you, underscored for Circle (again) why the lone case Circle relies on is inapposite, and provided additional authority for why Circle's proposed plan is wholly improper, an abuse of the parties' agreement, and an abuse of the federal court system that will not look kindly on efforts to "launder" confidentiality through a sham confirmation.  If you have not yet reviewed the *Stafford* case (78 F.4th 62), I urge you to do so.

As we have repeatedly emphasized to Circle before your firm's involvement (and now again), Circle bargained for a confidential arbitration, treated the entire arbitration as confidential, produced every single document as confidential, argued that Heka's principals could not review an unredacted award or fully participate in the arbitration due to confidentiality, and attempted (and failed) to convince the arbitrator that the award was not confidential.   After the arbitration, because it apparently sees some benefit in publicizing the award, it claims that there is no confidentiality, even though the documents you claim are not confidential are confidential because, *inter alia*, they depend on, incorporate, summarize, and explain information that Circle itself produced under a confidential designation, and even though Heka duly designated the award as confidential.  Circle's current position is at odds with its conduct throughout the entire arbitration and raises serious concerns about its litigation conduct to date and the positions it took throughout the entire arbitration.

Should Circle disregard our May 29 letter, the various letters we wrote before Quinn's involvement, the case law we cite therein, the arguments we raised before the arbitrator, and the arbitrator's refusal to de-designate the award, and nevertheless decide to commence a wholly improper lawsuit to confirm a satisfied award that everyone agreed would remain confidential, and is confidential, we do think that Circle and Heka (without waiver of any of its rights) should agree on a process by which the relevant documents are filed.

We look forward to your response, which, based on your email correspondence to date, we understand we will receive from you well before you decide to commence a litigation.

Best,

Eli

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
One Vanderbilt Avenue | New York, NY 10017 | USA



**From:** Rajat Rana <rajatrana@quinnemanuel.com>
**Sent:** Friday, May 29, 2026 4:44 PM
**To:** Berman, Eli <eberman@mcdermottlaw.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

You don't often get email from rajatrana@quinnemanuel.com. Learn why this is important

**[ External Email ]**

Eli,

Thanks.  We are reviewing.  In the meantime, to understand Heka's position, can you please confirm if Heka is still intending to provide a its version of proposed redactions to the award and the Rule 18 decision? If not, is it Heka's position that it is not obligated to provide its proposed redactions to the award because it is Heka's position that the entire award should be filed under seal? If so, can you point me to cases where the entire arbitration award itself was filed under seal?

We will get back to you by Monday after we discuss your letter with our client.

Thanks,

Rajat

**Rajat Rana**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**
295 Fifth Avenue

New York, NY 10016

Telephone:        +1-212-849-7520

Mobile/WhatsApp: +1-202-746-6333

Email:            rajatrana@quinnemanuel.com

---

**From:** Berman, Eli <eberman@mcdermottlaw.com>

**Sent:** Friday, May 29, 2026 4:18 PM

**To:** Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>

**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>

**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

<mark>**[EXTERNAL EMAIL from eberman@mcdermottlaw.com]**</mark>

---

Counsel,

Please see the attached correspondence and accompanying exhibit referenced therein.

Best,

Eli Berman

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887

eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com

One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Rajat Rana <rajatrana@quinnemanuel.com>

**Sent:** Tuesday, May 26, 2026 12:31 PM

**To:** Berman, Eli <eberman@mcdermottlaw.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>

**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>

**Subject:** Heka v. Circle: JAMS Arbitration Award

> You don't often get email from rajatrana@quinnemanuel.com. Learn why this is important

**[ External Email ]**

Counsel,

Circle has retained Quinn Emanuel Urquhart & Sullivan, LLP, to represent it in connection with the enforcement of the Final Award in *Heka Funds SICAV PLC v. Circle Internet Financial, LLC* (JAMS Reference No. 5400000585).  We intend to file a petition to confirm both the Award and the Rule 18 decision.

We understand that Heka contends the Award must be filed only under seal. Please confirm if Heka continues to insist that the Award must be filed under seal. If it does, Circle disagrees that the Award itself should be filed under seal.  The protective order in this arbitration is governed by Delaware law, which recognizes that arbitrations are not inherently confidential. *Soligenix Inc. v. Emergent Product Dev't*, 289 A.3d 667, 672 (Del. Ch. 2023) ("if parties to an arbitration desire confidentiality, they must do so by contract. But even then, […] once the parties bring their dispute to court, their agreement does not control the[] proceedings.").  The MSA and the related confidentiality obligation expired in March 2024 and the protective order governing the JAMS arbitration clearly does not apply to the Award.

Nonetheless, while Circle does not believe that any part of the final award is properly subject to sealing, we are attaching a copy of the Award with proposed redactions highlighted in yellow out of an abundance of caution. Please let us know your client's position regarding these redactions no later than Friday, May 29, 2026.  If you have additional redactions for Circle's consideration, please provide your proposed redactions by Friday, May 29, 2026.

Best,

**Rajat Rana**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**
295 Fifth Avenue
New York, NY 10016
Telephone:          +1-212-849-7520
Mobile/WhatsApp: +1-202-746-6333
Email:                 rajatrana@quinnemanuel.com

*****************************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information. Thank you.
*****************************************************************************************************************

Please visit http://www.mcdermottlaw.com/ for more information about our Firm.