# EXHIBIT 9

**quinn emanuel** trial lawyers | boston

III Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7309**

WRITER'S EMAIL ADDRESS
**alexloomis@quinnemanuel.com**

June 1, 2026

**VIA EMAIL**

Eli Berman
McDermott Will & Schulte
One Vanderbilt Avenue
New York, NY 10017
eberman@mcdermottlaw.com

> Re:  *Heka Funds SICAV PLC v. Circle Internet Financial, LLC*,
> (JAMS Reference No. 5400000585)

Counsel:

We write in response to your May 29, 2026 letter regarding Heka's objections to Circle's plans to confirm the Final Award and the Rule 18 Decision in the above-captioned arbitration.  As we have said, Circle intends to file a redacted version of the Award and the Rule 18 Decision (to the extent there are any redactions) together with its motion to seal.

Heka has failed in its obligation to confer with us over our good-faith efforts to resolve what should be a straightforward conversation about sealing.  To recap, on May 26, my partner Rajat Rana wrote to you informing you of Circle's intention to confirm the Award and the Rule 18 decision, stated that Circle does not believe that any part of the Award requires sealing, but proposed initial redactions in the spirit of compromise, and asked that you "provide your proposed redactions by Friday, May 29, 2026."[1]

You failed to comply with our reasonable and good-faith request.  You responded on May 29 not with proposed redactions, but with threats to seek sanctions if Circle moves to confirm the Award and file the Award or Rule 18 decision with insufficient redactions.  You made an

---

[1] We did ***not*** ask whether Heka consents to Circle's decision to confirm the Final Award and the Rule 18 Decision.  Circle does not require Heka's consent to file a confirmation action. To the extent Heka disagrees with Circle's intention to confirm the Final Award and the Rule 18 Decision, it can litigate those issues in the appropriate forum.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Eli Berman
June 1, 2026

unexplained assertion that our redactions are "woefully inadequate," and claimed that the entire "Award" must be sealed. Even though we specifically asked for them, you did not provide proposed redactions of your own.

Mr. Rana responded less than a half hour later asking you three questions: (1) to "confirm if Heka is still intending to provide [] its version of proposed redactions,"; (2) if not, "is it Heka's position that it is not obligated to provide its proposed redactions to the award because it is Heka's position that the entire award should be filed under seal"; and (3) if so, that you "point [him] to cases where the entire arbitration award was filed under seal."

Even though your letter closed by inviting us to "please do not hesitate to contact [you]" if we had "any questions" about your letter, you *again* failed to answer any of Mr. Rana's questions in your June 1 response. You did not take the position that the Award must be sealed in full, nor did you provide any cases in support of such a position. Nor did you provide any redactions of your own. You summarized your May 29 letter and said only that "Circle and Heka (without waiver of any of its rights) should agree on a process by which the relevant documents are filed."

That is what we are doing. It is Heka that has declined to engage in that process. No court reviewing this exchange would view us as the ones engaging in "improper and bad faith conduct." Letter at 4.

So we now ask, *for the third time*, please provide your proposed redactions to the Award and the Rule 18 decision so we can confer over what is appropriate by Wednesday, June 3. If you need more time, we are willing to entertain a modest request for an extension. But if Heka wants more extensive redactions, it has to propose them.

We can deal with the remainder of your letter and email in short order.

*First*, to the extent it informs your proposed redactions (assuming you chose to send them), we note that you grossly exaggerate the basis for redacting the Award and Rule 18 Decision.

- To state what should be obvious, Heka cannot and should not claim that parts of the Award should be redacted to protect *Circle's* confidential information.

- You then say (at 2) that the "confidentiality obligations in the MSA" apply. Not so. The confidentiality provisions apply only to "Confidential Information" given by one party to another—not an award issued by an arbitrator.

- You also invoke (at 3-4) the arbitration's Protective Order. That Order applies only to materials "produced in discovery," and only if those materials are designated as confidential at the time of disclosure. The Award is clearly not covered.

Eli Berman
June 1, 2026

- You claim that the Arbitrator rejected Circle's argument. Just the opposite: The Arbitrator simply ruled that he lacked jurisdiction to grant our request. In the course of ruling, he added that the Protective Order ensures that the arbitration remains "a private proceeding *while the matter is in arbitration*," but that this does not mean that awards are "confidential" after. Plus, as we point out, Delaware law—which governs the Protective Order (¶ 20)—provides that such confidentiality provisions do not apply in court. *Soligenix Inc. v. Emergent Prod. Dev't*, 289 A.3d 667, 671 (Del. Ch. 2023).

- You assert that Delaware law does not apply in Massachusetts because confidentiality is procedural. That cuts against your position: If confidentiality is procedural, then the Delaware-law Protective Order does not apply in Massachusetts either. In any case, federal courts in Massachusetts also impose stringent requirements before sealing judicial records like an arbitration award. *See, e.g.*, *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987).

**Second**, as we have already covered, we disagree with your position that confirmation is moot now that the Award is paid. The District of Massachusetts has considered your position twice and rejected it both times. *Weinstein v. Levin-Fricke-Recon*, 1999 WL 397414, at *3 (D. Mass. Apr. 29, 1999) (paying award does not moot the case because "[w]ithout judicial confirmation, some courts have held that an arbitration award does not have preclusive effect on subsequent litigation"); *Bennington Iron Works, Inc. v. J.P. Const. Co.*, 1996 WL 208494, at *1 (D. Mass. Mar. 6, 1996) ("judicial confirmation serves other important purposes aside from ensuring payment of the award"). It is unclear why you keep treating Second Circuit precedent (*Stafford*) as binding; it is no more binding than the Third Circuit's contrary view that "[a] party to arbitration suffers an injury when he is denied the right to obtain confirmation, for it is the judgment that makes the party whole and concludes the arbitration process." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 253 n.3 (3d Cir. 2020). Even setting all that aside, *Stafford* is inapposite: The Court predicated its decision on the fact that 9 U.S.C. § 9 does not itself "support federal jurisdiction." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) (citation omitted). Our case is governed by the New York Convention, by contrast, and 9 U.S.C. § 203 is an express jurisdictional font.

Circle's interest in confirmation is clear. It would establish, as a matter of res judicata, that Heka is not entitled to declaratory relief and protect Circle in future litigation. The Arbitrator held in his April 14, 2025 Ruling on Rule 18 Motions that Circle had "no obligation [] to enter into a new contract with [Heka] after the MSA has expired." Rule 18 Decision at 20. Despite losing its declaratory relief claim in Arbitration, Heka has not stopped trying to avoid and ignore the binding effect of this ruling. Heka attempted to deceive Circle's French subsidiary, Circle Internet Financial Europe SAS ("Circle Europe"), about the existence of ongoing arbitral proceedings while the arbitration was in process, and despite an adverse ruling holding that Heka *was not entitled to continue doing business with Circle* or its subsidiaries, Heka sent Circle Europe *dozens* of redemption demands claiming an entitlement to *billions of dollars* of additional redemptions.

Eli Berman
June 1, 2026

Heka knew these demands were and remain groundless.  The Arbitrator reaffirmed as much in the Final Award, stating that since "[Circle] did not renew the MSA at any time after March 2024 […] [a]fter that […] *Circle was under no obligation to maintain a trade relationship with Claimant*." Final Award at 48 (emphasis added).  The Rule 18 Decision thus merged with the Final Award when it was entered, and both provide grounds for Circle to seek confirmation of the Award.

We recognize that you may disagree with this position.  That happens sometimes in litigation.  But our view is final, and we won't be swayed by ham-handed threats of "costs, fees, and sanctions" (Letter at 4).  We have spent the last several days trying to work with you to come up with proposed redactions that would safeguard your interest in the interim until the court resolves the proper level of redactions.

We encourage you to engage with our good-faith efforts before we file.  Please send us your proposed redactions to the Final Award and the Rule 18 Decision by Wednesday, June 3.

Very truly yours,

*/s/ Alex H. Loomis*

Alex H. Loomis