# EXHIBIT 11

| | |
|---|---|
| **From:** | Alex Loomis |
| **To:** | Berman, Eli; Rajat Rana; Kiefer, David |
| **Cc:** | Daniel Albert-Rozenberg |
| **Subject:** | Re: Heka v. Circle: JAMS Arbitration Award |
| **Date:** | Wednesday, June 10, 2026 10:02:07 AM |

Eli,

This is not on the level. You said you needed an additional week—two weeks total—to get your redactions together.  This looks like it was done in five minutes.  You've even redacted quotations from public cases, the text of Rule 56, and the word "Introduction" in the award.  We can only conclude from these proposed redactions that the Award and Rule 18 Decision contain, as we have long maintained, no confidential business information over which Heka has a legitimate privacy concern.

Circle can't force Heka to engage in good faith, but it will give Heka one final opportunity to engage in a good faith process.  **By Friday at 10 am**—nearly three weeks after we first asked for a proposed set of redactions—please send us a list of proposed redactions tailored to actually confidential business information that you could represent, subject to FRCP 11, would cause "harm" if it were revealed; "potentially embarrassing information" doesn't count (nor does Circle's own information).  *Velcro Grp. Corp. v. Zijlstra*, 180 F. Supp. 3d 106, 107 (D. Mass. 2016) (cleaned up).   If you decline to do so, we will tell the Court that we made this invitation to Heka ***four times,*** that Heka refused ***four times***, and that it has thus waived any contention that there is confidential business information in the Award or Rule 18 Decision.

A meet and confer today would not be productive; there's no point in having a phone call about whether the word "Introduction" should be redacted.  If you want to tell the Court differently, you're free to do so.  We'll schedule a meet and confer once you send proposed redactions designed to actually protect confidential information—or, if you decline to send us a new proposal, once it is clearly established that there is no such confidential information that needs special protection.

Finally, your latest letter to us makes vague allusions to a way to resolve this outside of litigation.  As I've told you, twice, if you have a settlement proposal, please send it (preferably in a standalone email or letter, to avoid the need for redactions if the correspondence is publicly filed).  What you have sent is posturing, not a settlement proposal, and we have nothing to respond to.

Best,
Alex

--

**Alex Loomis**

*Partner,*

Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520

Boston, MA 02199

617-712-7309 Direct

978-460-1891 Cell

alexloomis@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Berman, Eli <eberman@mcdermottlaw.com>
**Date:** Tuesday, June 9, 2026 at 7:39 PM
**To:** Alex Loomis <alexloomis@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

**[EXTERNAL EMAIL from eberman@mcdermottlaw.com]**



Alex,

Attached are the proposed redactions for your review. We want to clarify that we do not consider the filing of confidential documents related to a satisfied award, for the purpose of commencing a moot litigation, to transform those materials into "judicial documents." If Circle nonetheless moves forward with its stated plan, we believe only those sections of the award that actually grant relief should be filed publicly (although none of these documents should be so filed, for the reasons we have explained several times).

As requested, please let me know your availability for a call tomorrow or later this week to talk through these points and the points raised in our letter to you.

Best regards,

Eli

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Berman, Eli
**Sent:** Tuesday, June 9, 2026 6:39 PM
**To:** 'Alex Loomis' <alexloomis@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

Alex,

Please see the attached letter.  As noted therein, we're available to meet and confer tomorrow between 12 and 3 ET, and we have additional availability on Thursday.  If other times work better for you, please just let me know.

We'll send you our proposed redactions shortly.  We disagree with your statements below, and we look forward to conferring with you.

Best,

Eli

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com

One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Alex Loomis <alexloomis@quinnemanuel.com>
**Sent:** Wednesday, June 3, 2026 2:22 PM
**To:** Berman, Eli <eberman@mcdermottlaw.com>; Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** Re: Heka v. Circle: JAMS Arbitration Award

**[ External Email ]**

Eli,

Thanks for the call and your email.

I can confirm that we are fine if you take until Tuesday to get us your proposed redactions. As we originally wrote to you on May 26, that gives you all two weeks to propose those redactions. I reiterate our insistence, though, that Heka not propose redactions designed to protect *Circle*'s confidential information. Heka does not have standing to do so.

I would clarify one thing about your email, however: What I proposed on the call was that, if both sides had dueling redactions, that we could file one version of the redacted award on the public docket, and submit the less-redacted version under seal. There is no basis for sealing the full award, especially if both sides agrees that a redacted portion can be filed.

I propose we get a time on the calendar to meet and confer about your proposed reductions on Wednesday, June 10. My day is open before 4:30 eastern.

I passed along your FRE 408 ideas to the client. If you have a more concrete proposal, you are welcome to share it.

I believe this email provides the reassurances you need. If Heka does not try to commence a unilateral action of its own, Circle will not do so either until Wednesday next week. We look forward to seeing your proposed redactions.

Best,

Alex

--

**Alex Loomis**

*Partner,*

Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520

Boston, MA 02199

617-712-7309 Direct

978-460-1891 Cell

alexloomis@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Berman, Eli <eberman@mcdermottlaw.com>

**Date:** Wednesday, June 3, 2026 at 2:00 PM

**To:** Alex Loomis <alexloomis@quinnemanuel.com>; Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>

**Cc:** Daniel Albert-Rozenberg <danielar@quinnemanuel.com>

**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

**[EXTERNAL EMAIL from eberman@mcdermottlaw.com]**

Alex,

Very much appreciate your time yesterday.  Thanks for the call.  You said you'd get back to me in response to our request for additional time to get back to you, as suggested in your most recent letter to Heka.  You had originally asked for an answer by tomorrow.  We asked until Tuesday of next week.  Please let me know.  You also stated that you wanted to avoid the situation where both parties feel they have to run to court seeking an emergency order.  We'd like to do the same.  You also raised the idea of, to the extent Circle proceeds with confirmation, submitting Circle's proposed redactions and Heka's proposed redactions, with the award under seal, and letting the court decide what, if

anything, should be redacted.  We think we should continue to discuss and work towards an orderly process.

We also briefly discussed potential avenues to avoid more litigation—without waiver of either side's position that, at least as far as Heka is concerned, there is no standing to confirm an award that has been satisfied, and the bases that Circle has thus far identified for confirmation are without merit.

Given the stated deadline in your letter of tomorrow, and given the time differences, with Heka in Europe, please confirm that Circle is in agreement that it will not take unilateral action before the parties have finalized an agreement for next steps, or until the end of the day on Tuesday of next week—and Heka will do the same.  We're available to discuss.

Eli

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Alex Loomis <alexloomis@quinnemanuel.com>
**Sent:** Monday, June 1, 2026 8:38 PM
**To:** Berman, Eli <eberman@mcdermottlaw.com>; Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** Re: Heka v. Circle: JAMS Arbitration Award

**[ External Email ]**

Counsel, please see the attached correspondence.

--

**Alex Loomis**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520

Boston, MA 02199

617-712-7309 Direct

978-460-1891 Cell

alexloomis@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Berman, Eli <eberman@mcdermottlaw.com>

**Date:** Monday, June 1, 2026 at 11:23 AM

**To:** Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>

**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>

**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

[EXTERNAL EMAIL from eberman@mcdermottlaw.com]

Hi Rajat,

Thanks for your email.  As we stated in our May 29 letter to you, which I understand you are still reviewing, there is absolutely no basis to confirm the award in the above-referenced arbitration.  It has been satisfied.  We've cited various cases in our letter to you, underscored for Circle (again) why the lone case Circle relies on is inapposite, and provided additional authority for why Circle's proposed plan is wholly improper, an abuse of the parties' agreement, and an abuse of the federal court system that will not look kindly on efforts to "launder" confidentiality through a sham confirmation.  If you have not yet reviewed the *Stafford* case (78 F.4th 62), I urge you to do so.

As we have repeatedly emphasized to Circle before your firm's involvement (and now again), Circle bargained for a confidential arbitration, treated the entire arbitration as confidential, produced every single document as confidential, argued that Heka's principals could not review an unredacted award or fully participate in the arbitration due to confidentiality, and attempted (and failed) to convince the arbitrator that the

award was not confidential.   After the arbitration, because it apparently sees some benefit in publicizing the award, it claims that there is no confidentiality, even though the documents you claim are not confidential are confidential because, *inter alia*, they depend on, incorporate, summarize, and explain information that Circle itself produced under a confidential designation, and even though Heka duly designated the award as confidential.  Circle's current position is at odds with its conduct throughout the entire arbitration and raises serious concerns about its litigation conduct to date and the positions it took throughout the entire arbitration.

Should Circle disregard our May 29 letter, the various letters we wrote before Quinn's involvement, the case law we cite therein, the arguments we raised before the arbitrator, and the arbitrator's refusal to de-designate the award, and nevertheless decide to commence a wholly improper lawsuit to confirm a satisfied award that everyone agreed would remain confidential, and is confidential, we do think that Circle and Heka (without waiver of any of its rights) should agree on a process by which the relevant documents are filed.

We look forward to your response, which, based on your email correspondence to date, we understand we will receive from you well before you decide to commence a litigation.

Best,
Eli

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Rajat Rana <rajatrana@quinnemanuel.com>
**Sent:** Friday, May 29, 2026 4:44 PM
**To:** Berman, Eli <eberman@mcdermottlaw.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

You don't often get email from rajatrana@quinnemanuel.com. Learn why this is important
**[ External Email ]**

Eli,

Thanks.  We are reviewing.  In the meantime, to understand Heka's position, can you please confirm if Heka is still intending to provide a its version of proposed redactions to the award and the Rule 18 decision? If not, is it Heka's position that it is not obligated to provide its proposed redactions to the award because it is Heka's position that the entire award should be filed under seal? If so, can you point me to cases where the entire arbitration award itself was filed under seal?

We will get back to you by Monday after we discuss your letter with our client.

Thanks,

Rajat

**Rajat Rana**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**
295 Fifth Avenue
New York, NY 10016
Telephone:          +1-212-849-7520
Mobile/WhatsApp: +1-202-746-6333
Email:                 rajatrana@quinnemanuel.com

---

**From:** Berman, Eli <eberman@mcdermottlaw.com>
**Sent:** Friday, May 29, 2026 4:18 PM
**To:** Rajat Rana <rajatrana@quinnemanuel.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** RE: Heka v. Circle: JAMS Arbitration Award

[EXTERNAL EMAIL from eberman@mcdermottlaw.com]

Counsel,

Please see the attached correspondence and accompanying exhibit referenced therein.

Best,
Eli Berman

**Eli Berman**
Partner

**T:** +1 212 547 5854 | **F:** +1 646 224 8887
eberman@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
One Vanderbilt Avenue | New York, NY 10017 | USA



---

**From:** Rajat Rana <rajatrana@quinnemanuel.com>
**Sent:** Tuesday, May 26, 2026 12:31 PM
**To:** Berman, Eli <eberman@mcdermottlaw.com>; Kiefer, David <Dkiefer@mcdermottlaw.com>
**Cc:** Alex Loomis <alexloomis@quinnemanuel.com>; Daniel Albert-Rozenberg <danielar@quinnemanuel.com>
**Subject:** Heka v. Circle: JAMS Arbitration Award

You don't often get email from rajatrana@quinnemanuel.com. Learn why this is important

**[ External Email ]**

Counsel,

Circle has retained Quinn Emanuel Urquhart & Sullivan, LLP, to represent it in connection with the enforcement of the Final Award in *Heka Funds SICAV PLC v. Circle Internet Financial, LLC* (JAMS Reference No. 5400000585).  We intend to file a petition to confirm both the Award and the Rule 18 decision.

We understand that Heka contends the Award must be filed only under seal. Please confirm if Heka continues to insist that the Award must be filed under seal. If it does, Circle disagrees that the Award itself should be filed under seal.  The protective order in this arbitration is governed by Delaware law, which recognizes that arbitrations are not inherently confidential. *Soligenix Inc. v. Emergent Product Dev't*, 289 A.3d 667, 672 (Del. Ch. 2023) ("if parties to an arbitration desire confidentiality, they must do so by contract. But even then, [...] once the parties bring their dispute to court, their agreement does not control the[] proceedings."). The MSA and the related confidentiality obligation expired in March 2024 and the protective

order governing the JAMS arbitration clearly does not apply to the Award.

Nonetheless, while Circle does not believe that any part of the final award is properly subject to sealing, we are attaching a copy of the Award with proposed redactions highlighted in yellow out of an abundance of caution. Please let us know your client's position regarding these redactions no later than Friday, May 29, 2026.  If you have additional redactions for Circle's consideration, please provide your proposed redactions by Friday, May 29, 2026.

Best,

**Rajat Rana**

*Partner*

**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue

New York, NY 10016

Telephone:          +1-212-849-7520

Mobile/WhatsApp: +1-202-746-6333

Email:                  rajatrana@quinnemanuel.com

*********************************************************************************************************************

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information. Thank you.
*********************************************************************************************************************

Please visit http://www.mcdermottlaw.com/ for more information about our Firm.