# EXHIBIT 12



Eli Berman
Eberman@mcdermottlaw.com
+1 212 547 5854

June 10, 2026

VIA EMAIL

Alex H. Loomis, Esq.
Quinn Emanuel Urquhard & Sullivan, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199

Re:    Heka Funds SICAV PLC v. Circle Internet Financial, LLC (JAMS Reference No. 5400000585)

Counsel:

We write on behalf of Heka Funds SICAV PLC ("Heka") in response to your June 10, 2026 email regarding redactions to the Final Award ("Award") and the Ruling on the Rule 18 Motions ("Ruling") issued the above-captioned arbitration in the context of your client's intimated application for confirmation of the Award.

As you know, Heka's position is that the Award has been fully satisfied and that confirmation proceedings are therefore neither necessary nor appropriate. We believe the confirmation would be nothing more than an effort to enlist (and misuse) the docket of a federal court to disclose and publicize a confidential arbitration award. If your client nevertheless intends to proceed with its intimated confirmation application, we put you on notice that our client does not consent to the public filing of the Award or the Ruling.

The parties have already exchanged extensive correspondence concerning whether and the extent to which the Award and Ruling may be publicly filed. The parties' respective positions are well-known, and it is clear from your June 10, 2026, email that the parties have reached an impasse regarding potential negotiated redactions to resolve our disagreement on this issue.

If your client persists in its stated intention to seek confirmation over our objection, the issue of how the Award or Ruling may be filed—publicly, in redacted form, or under seal—is for a court to decide. Neither party may make that determination unilaterally. Filing the Award or Ruling publicly before the court has had an opportunity to rule would effectively deprive the court of the ability to afford meaningful

Quinn Emanuel
June 10, 2026
Page 2

relief if it determines that impoundment is warranted. *See* D. Mass. L.R. 7.2 ("Motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise").

**Accordingly, if your client intends to confirm the Award or Ruling, Heka requests that you wait at least 5 business days after filing before publicly filing the Award or Ruling itself (or disclosing their contents), so that Heka can seek an order from the court assigned to the case determining whether the Award or Ruling will be sealed. This can be accomplished by filing a slipsheet in place of the Award or Ruling, or seeking permission for temporary sealing (noting each party's position) until Heka has the opportunity to brief the issue.** To do otherwise would deprive the court of the opportunity to resolve this issue. We understand that you disagree with our position regarding sealing, but we emphasize that Heka must have the opportunity to present the matter to the court for resolution. If you do not agree to do so, and intend to simply file the document such that the court will not be able to make this determination, please let us know right away and in any event, in advance of filing anything so that Heka can take appropriate action. Merely filing the document publicly would be a breach of your client's obligations.

In circumstances in which the Award has already been fully satisfied, there is no apparent urgency requiring otherwise.

Nothing in this letter waives any of our client's objections to any confirmation proceedings or concerning the proper treatment of the Award or Ruling.

Sincerely,

Eli Berman

cc:    Dave Kiefer (dkiefer@mcdermottlaw.com)
       Rajat Rana (rajatrana@quinnemanuel.com)

**McDermott Will & Schulte**