**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| CIRCLE INTERNET FINANCIAL, LLC, | Case No. 26-CV-13095-MJ |
| Petitioner, | |
| v. | |
| HEKA FUNDS SICAV PLC, | |
| Respondent. | |

**HEKA FUNDS SICAV PLC'S RESPONSE (NON-OPPOSITION) TO CIRCLE**
**INTERNET FINANCIAL, LLC'S PETITION TO CONFIRM ARBITRATION AWARD**

Respondent Heka Funds SICAV PLC ("Heka") respectfully submits this Response (Non-Opposition) to Circle Internet Financial, LLC's ("Circle," and together with Heka, the "Parties") Petition to Confirm Arbitration Award (Dkt. No. 1 (the "Petition")).

1.      The Petition serves principally to place the contents of a satisfied, confidential, arbitration award on the public record, notwithstanding the Parties' agreement that the arbitration would remain confidential and the extensive confidentiality protections that governed the proceedings.

2.      Heka does not agree with the tribunal's findings but, as Heka sought (and continues to seek) to end all litigation between the Parties, it did not (and does not) seek to challenge them in court. Instead, Heka promptly paid the fee award. Based on Circle's pre-litigation, litigation, and post-litigation conduct, Heka does not want to do business with Circle and has no interest in being a customer of any Circle entity. Confirmation is therefore not necessary to secure or preserve any rights in dispute, nor to enforce any outstanding portion of the Rule 18 Decision or Final Award.

1

3. Heka rejects Circle's characterization of the Final Award. In particular, Heka rejects Circle's insinuation that the arbitrator found that Heka engaged in market manipulation. The arbitration concerned the Parties' contractual rights under a master services agreement that has been terminated, not whether Heka engaged in market manipulation, and accordingly, the tribunal made no such finding.

4. Heka is a regulated alternative investment fund authorized and supervised by the Malta Financial Services Authority and operating under the EU Alternative Investment Fund Managers Directive framework. Prior to the dispute, Heka was one of Circle's largest institutional customers.

5. Heka's investment decisions are taken independently through Heka's established governance arrangements and investment committee. Heka's trading formed part of a legitimate market-neutral arbitrage strategy that has been deployed since the fund's inception and is fully consistent with its regulated investment mandate. The strategy responded to genuine market pricing inefficiencies, generated legitimate commercial returns and, like arbitrage more generally, contributed to market liquidity and price efficiency across fragmented digital asset markets. Circle welcomed Heka's trading while Heka was minting USDC. The dispute only arose after market conditions changed and Heka's trading naturally shifted towards redeeming USDC during the 2023 banking crisis.

6. The Final Award has already been paid and there is nothing left to confirm. The relief Circle truly sought—publicity—has already been obtained. In these circumstances, and given Circle's filing of the Petition, there is no purpose to be served by a contested confirmation proceeding. Accordingly, Heka does not oppose confirmation and no longer intends to move for impoundment of the Rule 18 Decision or Final Award. Circle has selectively disclosed elements

of the Final Award. In these circumstances, it is in the interest of fairness and transparency that the Final Award be made public in its entirety, so that it can be understood in its proper context. Heka files this Response solely to ensure that Circle's Petition is not mistaken for an accurate or complete account of either the arbitration proceedings or the tribunal's findings.

7.      Nothing in this response should be understood as an admission of any allegation in Circle's Petition, or an endorsement of Circle's account of the proceedings or its characterization of the Final Award or Rule 18 Decision. Heka's decision not to contest confirmation reflects the procedural posture of Circle's Petition and nothing more.

Dated:    July 13, 2026                        **MCDERMOTT WILL & SCHULTE LLP**
          New York, New York


                                       By:    _/s/ Matthew L. Knowles_
                                              Matthew L. Knowles (BBO #678935)
                                              200 Clarendon Street
                                              Boston, Massachusetts 02116
                                              Telephone: (617) 535-4000
                                              mknowles@mcdermottlaw.com

                                              Joseph B. Evans (*pro hac vice* application
                                              forthcoming)
                                              David W. Kiefer (*pro hac vice* application
                                              forthcoming)
                                              M. Elias Berman (*pro hac vice* application
                                              forthcoming)
                                              One Vanderbilt Avenue
                                              New York, New York 10017
                                              Telephone: (212) 547-5854
                                              jbevans@mcdermottlaw.com
                                              eberman@mcdermottlaw.com
                                              dkiefer@mcdermottlaw.com

                                              *Counsel for Heka Funds SICAV PLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2026, I served a true and complete copy of this Response (Non-Opposition) to Circle's Petition to Confirm Arbitration Award via the CM/ECF system on all parties of record.

By: */s/ Matthew L. Knowles*
Matthew L. Knowles