**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIRCLE INTERNET FINANCIAL, LLC,

Petitioner,

v.

HEKA FUNDS SICAV PLC,

Respondent.

Civil Action No. 26-cv-13095-MJJ

## REPLY IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Circle Internet Financial, LLC ("Circle") respectfully submits this reply in support of its Petition (Doc. No. 1, "Pet.") to confirm the April 14, 2025 declaratory relief judgment in Circle's favor against Heka Funds SICAV PLC ("Heka") (the "Rule 18 Ruling"), and the February 13, 2026 Final Award issued in Circle's favor by the Honorable Robert L. Dondero (Ret.) (the "Final Award"). True and correct copies of the Rule 18 Ruling and the Final Award are attached hereto as Exhibits 1 and 2, respectively.

1.      Heka has now dropped its earlier opposition to confirmation and public filing of the Rule 18 Ruling and Final Award, *see* Doc. No. 1 ¶¶ 1, 6, 8-11, 76-99; Doc. Nos. 2-3, 2-6, 2-7, 2-8, 2-10, 2-11, 2-12. It now states that it "does not oppose confirmation and no longer intends to move for impoundment of the Rule 18 [Ruling] or Final Award." Doc. No. 7 ¶ 6. Circle's petition to confirm the Rule 18 Ruling and Final Award is thus unopposed. Circle respectfully requests that this Court enter a judgment confirming the Rule 18 Ruling and Final Award.

2.      An arbitration award "confirmation proceeding is intended to be summary. Confirmation can only be denied if an award has been vacated, corrected, or modified in accordance with the FAA." *Popular Sec., Inc. v. Colon*, 59 F. Supp. 3d 316, 318 (D.P.R. 2014) (internal citation omitted). Confirmation is accomplished by "motion" or petition, rather than trial

1

on the merits under the Federal Rules of Civil Procedure.  9 U.S.C. §§ 9, 207; *see* Fed. R. Civ. P. 81(a)(6)(B) (noting that the Rules of Civil Procedure do not apply to arbitration proceedings to the extent that the Federal Arbitration Act "provide[s] other procedures").

3.    "Under the terms of [9 U.S.C.] § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9).  The party resisting confirmation bears the "burden" of establishing "that the award should be set aside." *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 48 (1st Cir. 2017), *abrogated on other grounds by Badgerow v. Walters*, 596 U.S. 1 (2022).  Heka has not argued that any of those limited grounds in 9 U.S.C. § 10(a) apply here.  Nor could it:  The Rule 18 Ruling and Final Award were not "procured by corruption, fraud, or undue means"; there was no "evident partiality or corruption in the arbitrator[]"; the arbitrator was not "guilty of misconduct" or "any other misbehavior"; and the arbitrator did not "exceed[] [his] powers" or "imperfectly execute[] them."  9 U.S.C. §§ 10(a)(1)-(4).

4.    There are no other obstacles to confirmation.  This Court has subject-matter jurisdiction over the case and personal jurisdiction over Heka, and this Court is the proper venue. *See* Doc. No. 1 ¶¶ 20-33.  It is also "well-settled that the New York Convention applies to awards granting non-monetary relief," as well as monetary relief.  *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 597 F. Supp. 3d 657, 668 (S.D.N.Y. 2022), *aff'd*, 2023 WL 2961739 (2d Cir. Apr. 17, 2023).  And because 9 U.S.C. § 9 requires confirmation unless grounds for vacatur have been established, courts in this Circuit confirm arbitration awards when the petitions are unopposed.  *See, e.g.*, *Popular Sec.,* 59 F. Supp. 3d at 319; *Universal Ins. Co. v. Warrantech Consumer Prod. Servs., Inc.*, 849 F. Supp. 2d 227, 229 (D.P.R. 2012).

5.      For the foregoing reasons, Circle respectfully requests that this Court enter judgment confirming the Rule 18 Ruling and Final Award.

Dated:  July 14, 2026

Respectfully Submitted,

*/s/ Alex H. Loomis*
Alex H. Loomis (BBO# 699129)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199-3600
Tel.: (617) 712-7100
alexloomis@quinnemanuel.com

Rajat Rana (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
Tel.: (212) 849-7000
rajatrana@quinnemanuel.com

*Counsel for Circle Internet Financial, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this 14th day of July, 2026.

*/s/ Alex H. Loomis*
Alex H. Loomis